*E-Filed 9/18/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAJESH MANI,

    Plaintiff,

    v.

J. HANSEN, et al.,

    Defendants.

No. C 13-2389 (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. After reviewing the complaint pursuant to 28 U.S.C. § 1915A(a), the Court dismisses the complaint with leave to file an amended complaint on or before October 25, 2013.

## DISCUSSION

**A.**     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that T. Hansen, a correctional officer at Soledad State Prison, caused an automobile accident by falling asleep at the wheel of a vehicle while transporting plaintiff, who suffered injuries as a result. He also alleges that he received inadequate medical care at the Bakersfield Medical Center and at Soledad State Prison.

The complaint is DISMISSED with leave to amend. Plaintiff's claims against T. Hansen are DISMISSED <u>without</u> leave to amend. Hansen's conduct, if plaintiff's allegations are true, constitute at most negligence or gross negligence, neither of which is actionable in a section 1983 action. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). These claims are dismissed without prejudice to plaintiff bringing such claims in state court. His claims

against Sergeant Cox and Marion Spearman, which are based on supervisory liability, are likewise DISMISSED without leave to amend and without prejudice.

Plaintiff's claims against the Bakersfield Medical Center are also DISMISSED <u>without</u> leave to amend and without prejudice. That institution lies in the Eastern District of California. If plaintiff seeks relief claims against this defendant, he must file an action in the Eastern District.

His claims against medical staff at Soledad State Prison are DISMISSED with leave to amend. At present, the claims are conclusory and lack necessary details, such as dates, times, places, and treatments requested or granted or denied. To state a claim under the Eighth Amendment, one must allege facts that show defendants acted with "deliberate indifference." A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical needs and the nature of the defendant's response to those needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U. S. at 837 (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id*. Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin*, 974 F.2d at 1060. Plaintiff's allegations do not meet these standards.

Accordingly, the complaint is DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before October 25, 2013.** The first amended complaint must include the caption and civil case number used in this order (13-2389 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended

complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue, including the excessive force claim found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: September 18, 2013

_____
RICHARD SEEBORG
United States District Judge