UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAJESH MANI, | No. C 13-2389 (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| J. HANSEN, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff's second amended complaint is before the Court for review under 28 U.S.C. § 1915A(a). For the reasons stated herein, the complaint and the action are DISMISSED.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In 2013, plaintiff filed a civil rights complaint in which he alleged that J. Hansen, a correctional officer at Soledad State Prison, caused an automobile accident by falling asleep at the wheel of a vehicle while transporting plaintiff, who suffered injuries as a result. He also alleged that he received inadequate medical care at the Bakersfield Medical Center and at Soledad State Prison.

This initial complaint was dismissed with leave to amend. His claims against Hansen were dismissed <u>without</u> leave to amend because his actions constitute at most negligence or gross negligence, neither of which is actionable in a section 1983 action. His claims against Hansen's supervisors, Sergeant Cox and Warden Marion Spearman, were likewise dismissed without leave to amend. His claims against the Bakersfield Medical Center also were

dismissed without leave to amend because such claims must be filed in the Eastern District. His claims against medical staff at Soledad State Prison were dismissed (with leave to amend) because the claims were conclusory and undetailed.  When plaintiff failed to file an amended complaint by the deadline, the action was dismissed.

In 2014, plaintiff filed a first amended complaint.  The Court reopened the action, and plaintiff then filed a second amended complaint, which is now before the Court for review.

The second amended complaint and the action are DISMISSED.  Plaintiff simply realleges the same claims against Hansen, Cox, and Spearman that the Court dismissed without leave to amend in 2013.

## CONCLUSION

Plaintiff has failed to file a proper complaint, even though he has been given several opportunities to do so.  Accordingly, the action is DISMISSED.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: August 5, 2015

RICHARD SEEBORG
United States District Judge