*E-Filed 3/10/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAJESH MANI, | No. C 13-2389 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| J. HANSEN, and SGT. COX, | |
| Defendants. | |

_____/

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff's complaint, which raises the same claims for the fourth time in this Court, fails to state a claim for relief. The action is DISMISSED.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

No. C 13-2389 RS (PR)
ORDER OF DISMISSAL

**United States District Court**
For the Northern District of California

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

This is the fourth complaint plaintiff has filed that alleges the following claims. He alleges that in 2013, J. Hansen, a correctional officer at Soledad State Prison, caused an automobile accident by falling asleep at the wheel of a vehicle that held plaintiff, who suffered injuries as a result. He did not inquire about or examine plaintiff's injuries, but rather immediately drove to a prison, where plaintiff received medical care. Plaintiff alleges that such actions violated his Eighth Amendment rights. He names Sergeant Cox as a defendant based on supervisory liability.

Plaintiff fails to state a claim for relief. His allegations, despite repeated opportunities to amend, show at worst that Hansen's acts (the accident and his lack of concern) constituted at most negligence or gross negligence, neither of which is actionable in a section 1983 action. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 & n.4 (1994); *Wood v. Housewright*,

*United States District Court*
*For the Northern District of California*

1    900 F.2d 1332, 1334 (9th Cir. 1990).

2          These allegations certainly do not state a claim for an Eighth Amendment violation,

3    which requires plaintiff to show that the defendant acted with "deliberate indifference" and

4    "knowingly disregarded an excessive risk to his health and safety." *Farmer v. Brennan*, 511

5    U.S. 825, 837 (1994).  After the accident, defendant Hansen drove immediately to a prison

6    where plaintiff received treatment.  Hansen, not a medical professional, likely thought it

7    better to take plaintiff to receive proper medical care by trained professionals, rather than

8    delaying such treatment by stopping to examine or inquire after plaintiff.  No plausible

9    reading of these allegations show that defendant was deliberately indifferent or knowingly

10   disregarded an excessive risk to plaintiff's safety.  These claims are DISMISSED without

11   leave to amend and without prejudice to plaintiff bringing such claims in state court.  His

12   claims against Sergeant Cox, which are based on supervisory liability, are likewise

13   DISMISSED without leave to amend and without prejudice.  The Clerk shall enter judgment

14   in favor of defendants, and close the file.

15          **IT IS SO ORDERED**.

16   DATED:  March 10, 2016

17                                                                RICHARD SEEBORG
                                                                  United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

No. C 13-2389 RS (PR)
ORDER OF DISMISSAL

3